THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* VIRGILIO ENCARNACIÓN ENCARNACIÓN, Defendant and Appellant.

No. CR-67-109.     Decided April 26, 1968.

*Virgilio Encarnación Encarnación, pro se, Enrique Miranda Merced,* and *E. Armstrong Watlington* for appellant. *J. F. Rodríguez Rivera, Acting Solicitor General,* and *Federico Rodríguez Gelpí, Assistant Solicitor General,* for The People.

PER CURIAM: Virgilio Encarnación, appellant, was accused and convicted by a court without a jury of possession of heroin. He waived his right to trial by jury, after the trial judge explained to him in detail the nature of the jury and the greater protection of his rights which the institution of the

jury provides. He was sentenced to serve from six to ten years in the penitentiary.

After his case was referred on appeal to the Legal Aid Society, the latter informed that it did not find any errors to assign. It indicated that the doctrine established in *People v. Márquez Estrada*, 93 P.R.R. 790 (1966), was not applicable.

■ The evidence revealed that appellant was taken by surprise in Muñoz Rivera Street of the town of Carolina, behind a warehouse, while he was holding the right hand of one José Julián with one hand, and with the other hand he was holding a cap, at the same time that another individual was injecting José Julián with a hypodermic needle attached to a syringe. When they were taken by surprise, they fled but the police seized the cap and the other material which appellant had dropped. It was stipulated that the chemist would testify that he submitted this evidence to analysis, and it yielded positive results of heroin. Appellant testified that on the day and time in which it is alleged that the facts occurred, he was at another place in a restaurant.

The trial judge denied the motion for reconsideration of appellant's judgment of conviction because he concluded that the *Márquez* case, *supra*, was not applicable because it does not appear from the stipulation of the case at bar, as in *Márquez*, *supra*, the amount of heroin which was seized in the cap. The hearing of this case was held on December 14, 1965, that is, the day before the date of our decision in *Márquez, supra*.

Appellant sets forth on his own right that:

(1) the trial court erred in accepting the stipulation that the policeman Carrasquillo gave to Sergeant Cardona the aforesaid seized evidence, and the latter returned it to the former two days later, and that the latter took it to general headquarters to the chemist Vázquez, and that when

it was analyzed by the latter it yielded positive results of heroin. He argues that there is no guarantee that the articles which were analyzed were the same ones which were seized. On cross-examination of policeman Carrasquillo, the identity of the evidence seized and analyzed was established. The *Márquez* case, *supra*, is not applicable because the record reveals that appellant acted jointly with another person in injecting a third person, so that when the cap and hypodermic needle used in the aforesaid act in this case were seized; and when their chemical test revealed that they contained heroin, it is obvious that when the three persons in question were taken by surprise by the police, appellant and his companion possessed an amount of heroin susceptible of being used as a narcotic drug;

(2) in giving credit to policeman Carrasquillo's testimony, for he testified that appellant was applying a tourniquet to José Julián's right arm, and on cross-examination he stated that he was holding his hand but was not applying a tourniquet. The record reveals that what Carrasquillo testified was that appellant was holding José Julián's hand, "as if he were applying a tourniquet";

(3) in accepting as good that appellant was arrested by various policemen, without a warrant of arrest, six days after the facts occurred, and the complainant police officer was not among them. As the Solicitor General indicates, in view of the fact that heroin was found in the cap and of the other circumstances of the case, the police had grounds to believe that appellant had committed a felony, and therefore they could arrest him without a previous warrant of arrest. Rule 11(c) of the Rules of Criminal Procedure.

The judgment rendered in this case by the Superior Court, San Juan Part, on December 20, 1966, will be affirmed.